IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| BETTY FORD, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, | * | No. 3:17cv00117-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Ms. Ford has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because she could perform her past relevant work - despite her impairments. (Tr. 24-33.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is sixty-four years old. (Tr. 42.) She testified she went to the ninth grade in school, obtained her general equivalency diploma, and attended Bible college for a year. (Tr. 43-44.) She has past work as a day care director/worker. (Tr. 32-33.)

The ALJ [1] found Ms. Ford had not engaged in substantial gainful activity since November 10, 2014 - the alleged onset date. (Tr. 26.) She has "severe" impairments in the form of "chest pain/palpitations, lumbar degenerative disc disease and hypertension." (*Id.*) The ALJ further found Ms. Ford did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 27.)

The ALJ determined Ms. Ford had the residual functional capacity to perform the full range of light work given her physical impairments. (*Id.*) He utilized the services of a vocational expert to determine if plaintiff could perform her past job. (Tr. 52-54, 59, 61-62.) Based on the testimony of the vocational expert, the ALJ determined Ms. Ford could perform her past work as

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

a day care director/worker.  (Tr. 32-33.)  Accordingly, the ALJ determined Ms. Ford was not disabled.  (Tr. 33.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Ms. Ford argues the ALJ incorrectly determined she could perform the full range of light work and thus perform her past work as a day care worker or director.  (Doc. No. 11 at 9-15.)  Plaintiff testified she is disabled because of her hypertension and back pain.  (Tr. 45-46, 48.)  But as the ALJ explained to Ms. Ford at the administrative hearing, the evidence fails to support Ms. Ford is unable to perform light work as a result of these impairments.  (Tr. 59-61.)

With regard to her hypertension, Ms. Ford admitted her blood pressure readings were nearly normal.  Ms. Ford reported her hypertension was "Controlled with my medication. . . ."  (Tr. 46.)  She testified, "When I went - - just recently had it checked, it was 165/70."  (*Id.*)  And diagnostic tests showed only minor anomalies with Plaintiff's back.  (Tr. 501-502, 511-512.)

Additionally, Jerry Thomas, M.D., and Rita Allbright, M.D., both reviewed Plaintiff's medical records and concluded Ms. Ford was capable of performing light work.  (Tr. 69-71, 82-84.)  The opinions of Drs. Thomas and Allbright are consistent with Plaintiff's treatment records and constitute substantial evidence.

Plaintiff also believes the ALJ failed to develop the record.  (Doc. No. 11 at 13-15.)  Plaintiff bears a heavy burden in showing the record has been inadequately developed.  She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.  *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007).  Plaintiff has shown neither and I find

this argument to be without merit.

Ms. Ford clearly suffers from some level of pain and limitation.  But after carefully considering the ALJ's opinion, the medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence.  I am sympathetic to Ms. Ford's claims.  She has a strong work history and appears to be sincere in her desire to claim benefits from a system she has long paid into.  Plaintiff's counsel has done an admirable job advocating for Ms. Ford's rights in this case, but I am simply unable to find reversible fault in the ALJ's opinion.  The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing light work.   In coming to this conclusion, the ALJ considered the medical records and the opinions from medical professionals.  And in his opinion, the ALJ fairly set out the rationale for his conclusions.

Plaintiff has advanced other arguments which I have considered and find are without merit. It is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.   The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 18th day of September, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE